# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

In re:

NILHAN FINANCIAL, LLC,

    Debtor.

_____

NILHAN FINANCIAL, LLC,

    Appellant,

v.

DOUGLAS N. MENSHISE and
SEG GATEWAY, LLC,

    Appellees.

_____

**No. 8:25-cv-938-MSS
consolidated with
No. 8:25-cv-939-MSS**

**Bankruptcy No. 8:17-bk-3597-BAJ**

## ORDER

**THIS CAUSE** comes before the Court for consideration of Debtor Nilhan Financial, LLC's consolidated appeals of the Bankruptcy Court's Order Denying with Prejudice Debtor's Motion to Remove the Trustee (the "Order Denying Trustee Removal Motion"), (R. 2-2), and the Bankruptcy Court's Order Denying with Prejudice Nilhan Financial LLC's Motion to Determine Liability, Responsible Party, and Relief from the *Barton* Doctrine Protections to Pursue Payment from Trustee's Bond (the "Order Denying Liability Determination Motion"). (939R. 2-2)[1] Upon

---

[1] The Court consolidated case no. 8:25-cv-939-MSS and case no. 8:25-cv-938-MSS. (Dkt. 9) In this Order filings in case no. 8:25-cv-939-MSS are prefaced by "939R." Other filings were filed in case no. 8:25-cv-938-MSS.

consideration of all relevant filings, the entire bankruptcy records, the Parties' briefs, and being otherwise fully advised, the Court **AFFIRMS** the Order Denying Trustee Removal Motion and the Order Denying Liability Determination Motion.

## I.    Background

In March 2017, an involuntary petition for relief under chapter 7 of the Bankruptcy Code (the "Involuntary Petition") was filed against Debtor. (R. 2-6; 2-7) Debtor is a limited liability company which was controlled and managed by Chittranjan Thakkar ("C. Thakkar"). (R. 19-2 at 2) As of the petition date, Debtor's sole members were C. Thakkar's adult children: Niloy Thakkar ("N. Thakkar") and Rohan Thakkar ("R. Thakkar"). (Id.) In December 2017, the Bankruptcy Court appointed Douglas N. Menchise as the Chapter 7 trustee for Debtor's estate (the "Trustee"). (R. 2-13 at 2)

In January 2024, SEG Gateway, LLC ("Gateway")[2] filed proof of claim number 14 asserting – based on charging liens and a choses in action judgment entered against C. Thakkar and R. Thakkar in state court litigation – the assignment and transfer of C. Thakkar and R. Thakkar's entitlement and right to equity owner distributions of surplus proceeds from Debtor's bankruptcy estate ("Claim No. 14"). (R. 2-67 at 51-87) Neither the Trustee nor any other party in interest timely objected to Claim No. 14. (R. 2-51 at ¶¶ 19-20; 2-53 at 3)

---

[2] Gateway has not filed an appellate paper notwithstanding that it is named as an appellee in case no. 8:25-cv-00938-MSS.

In March 2024, after review and approval from the office of the United States Trustee, the Trustee filed and served his Trustee's Final Report and Notice of Final Report detailing proposed distributions in Debtor's case, including the proposed payment to Gateway on account of Claim No. 14 (the "Final Report"). (R. 2-45; 2-46; 2-47) The Notice of Final Report states that "[a]ny person wishing to object to any fee application that has not already been approved or to the Final Report, must file a written objection within 21 days from the mailing of this notice plus an additional three days for service . . . ." (R. 2-46 at 1) The Declaration of Mailing Certificate of Service for the Notice of Final Report reflects that it was served on Debtor at two addresses. (R. 2-47 at 3) Additionally, C. Thakkar was served at three addresses and N. Thakkar was also served. (Id. at 4)

The Final Report provided for the payment of all allowed claims in full, with interest, and a return of $519,007.97 in remaining surplus funds to Debtor. (R. 2-45 at 18) No party in interest objected to the Final Report and, in April 2024, the Bankruptcy Court approved the Final Report and entered and served its Order Allowing Administrative Expenses for the Trustee's fees and costs detailed in the Final Report (the "Administrative Expense Order"). (R. 2-48; 2-49; 2-51 at ¶ 12; 2-53 at 2) In May 2024, the Trustee made distributions to creditors in accordance with the Final Report. (R. 2-51 at ¶ 14; 2-53 at 2)

In July 2024, C. Thakkar filed an objection to Claim No. 14, which the Trustee and Gateway opposed. (R. 2-50; 2-51; 2-52) The Bankruptcy Court denied C.

Thakkar's untimely objection with prejudice and then denied C. Thakkar's motion for reconsideration with prejudice (the "Order Denying Objection to Claim No. 14"). (R. 2-53; 2-54; 2-55) In so ruling, the Bankruptcy Court stated:

> The record reflects that [C.] Thakkar failed to timely object to the Claimant's proof of claim. [C.] Thakkar did not object to either the Final Report, Notice, or Administrative Expense Order. The Case has been pending since 2017 and has been *heavily* litigated throughout its duration. The time for any further matters to be litigated closed indefinitely when the appeal time ran on the Final Report. The Case is ready to be closed. The Court, therefore, finds that the untimely Objection by [C.] Thakkar is meritless and will be overruled.

(R. 2-53 at 3-4 (footnotes omitted))

In October 2024, Debtor filed a Motion to Remove the Trustee Pursuant to 11 U.S.C. § 324(a) (the "Trustee Removal Motion"). (R. 2-56) In the Trustee Removal Motion, Debtor contended, among other things, that "[a]t the time that Claim 14 was filed, the Trustee had a continuing fiduciary duty to the Debtor and to the equity holders of [Debtor]. Yet, the Trustee not only failed to object to Claim 14, but he also submitted a [Final Report] seeking to pay a bogus amount of $1,610.000.00 to [Gateway] for payment of Claim 14, which was not a claim against the Debtor." (R-56 at 17)

In December 2024, Debtor filed a Motion to Determine Liability, Responsible Party and Relief from the *Barton* Doctrine Protections to Pursue Payment from the Trustee's Bond (the "Liability Determination Motion," with the Trustee Removal

Motion, collectively, the "Motions").[3] (R. 2-73) In the Liability Determination Motion, Debtor contended that it was entitled to an award of $2,344,392.88 to be paid from a bond in favor of the United States Trustee. (Id. at 3-4) The requested award represents an amount Debtor asserts was "earmarked" for it when the Bankruptcy Court approved a Compromise and subsequently sustained an objection to a Claim No. 3. (Id. at 2-3; R. 2-21 at 12-13; R. 2-22; R. 2-43; see also R. 19-2)

The Bankruptcy Court denied the Motions with prejudice in the Order Denying Trustee Removal Motion and the Order Denying Liability Determination Motion. (R. 2-2; 939R. 2-2) The Bankruptcy Court stated:

> It would be a severe understatement to say that this has been a "difficult" case. Complexities arose on various issues and the litigation was hard fought. The road traveled by the Trustee to reach the culmination of filing the [Notice of Final Report] was a tremendous undertaking. Now, well past the eleventh hour, the Debtor seeks to continue the seemingly unending stream of litigation, with what appears to be nothing but bold-faced assertions for the purpose of unwinding a final and non-appealable order. The Court is *not* pleased. The record clearly reflects that the Trustee followed all the proper procedures in filing the [Final Report], and that the [Notice of Final Report] was properly served upon the Debtor. The Debtor failed to object. Period. And the Case was ready to be closed.
>
> However, after the objection time on the [Notice of Final Report] ran, C. Thakkar filed an untimely Objection to Claim [No.] 14. When the Court denied the relief sought with prejudice, new counsel for the Debtor was retained, and salacious accusations against the Trustee ensued. The Court will not get into the weeds of the Debtor's numerous fanciful arguments and accusations because the Case is ready to be closed, and the matters are moot. Boiled down to its simplest essence, the Motion to

---

[3] See Barton v. Barbour, 104 U.S. 126 (1881). The Barton doctrine requires a debtor to obtain leave of the bankruptcy court before initiating an action in state or federal court against the trustee or other bankruptcy-court-appointed officer for acts done in the actor's official capacity. Carter v. Rodgers, 220 F.3d 1249, 1252 (11th Cir. 2000).

Remove is nothing but a thinly veiled attempt to take another "bite of the apple" regarding the Debtor's and C. Thakkar's dissatisfaction with the Court's ruling on the untimely Objection to Claim [No.] 14.

The Case has been fully administered, and the Trustee has completed his statutory duties. As recognized by another bankruptcy court, because "the case has been fully administered, there is no point of removal of the trustee who satisfactorily completed his statutory duties as the Chapter 7 trustee." In re Gonzalez, No. 2:15-BK-25283-RK, 2024 WL 1927725, at *14 (Bankr. C.D. Cal. May 1, 2024); see also In re Regan, No. 18-31694, 2021 WL 4844325, at *5 (Bankr. N.D.N.Y. Oct. 14, 2021) (holding that even assuming the court could find cause to remove the trustee under § 324(a), doing so could provide no benefit to the estate because the trustee's final report had been filed, and the case was fully administered). Accordingly, the Court will deny the Motion to Remove with prejudice . . . .

(R. 2-2 at 6-8 (footnotes omitted); see also 939R. 2-2 at 1 (denying with prejudice the Order Denying Liability Determination Motion "for the reasons set forth in the" Order Denying Trustee Removal Motion)) Debtor timely filed notices of appeal of the Order Denying Trustee Removal Motion, (R. 2-1), and the Order Denying Liability Determination Motion. (939R. 2-1)

## II.    Issues Presented

The consolidated appeal before the Court presents two issues, as articulated by the Trustee:[4]

1.    Did the Bankruptcy Court act within its discretion in denying [Debtor's] motion to remove [the Trustee] as the chapter 7 trustee for the Debtor's bankruptcy estate?

2.    Did the Bankruptcy Court act within its discretion in denying [Debtor's]

___

[4] Debtor identifies four issues. (Dkt. 10 at 6) However, the issues presented on appeal are the two issues the Trustee identifies, the first of which combines and eliminates the redundancy of the first three issues Debtor identifies. In its Reply Brief, Debtor does not indicate disagreement with the Trustee's articulation of the two issues.

motion for leave to sue [the Trustee?]

(Dkt. 14 at 11-12)[5]

### III.   Standard of Review

Denial of a motion to remove a bankruptcy trustee is reviewed for abuse of discretion. In re Steffen, 2011 WL 13174777, at *3 (M.D. Fla. Oct. 12, 2011) (citing In re AFI Holding, Inc., 530 F.3d 832, 844 (9th Cir. 2008)); In Re Juravin v. Kennedy, No. 5:23-CV-164-GAP, 2023 WL 6123514, at *2 (M.D. Fla. Sept. 19, 2023).

Denial of a motion for leave to sue a bankruptcy trustee is reviewed for abuse of discretion. See SEC v. N. Am. Clearing, Inc., 656 F. App'x 969, 973 (11th Cir. 2016) ("Although we have never determined the standard of review for a challenge to the denial of a *Barton* motion, other Circuits that have considered the issue review a lower court's ruling on a *Barton* motion for an abuse of discretion.") (citations omitted);[6] Rush v. Meininger, No. 8:22-CV-1073-CEH, 2023 WL 4706768, at *4 (M.D. Fla. July 24, 2023) (citations omitted); In re Weinhold, 8:17-cv-2672-MSS, 2019 WL 13272281, at *2 (M.D. Fla. Mar. 29, 2019) (citations omitted).

"The application of an abuse-of-discretion review recognizes the range of possible conclusions the [court below] may reach." U.S. v. Frazier, 387 F.3d 1244,

---

[5] In the Order Denying Trustee Removal Motion the Bankruptcy Court granted "the Trustee's request for the fees he's incurred in defending against the unsubstantiated barrage of pleadings filed since March of 2024." (R. 2-2 at 8) No party discusses this grant of relief in the appellate briefing before this Court; accordingly, the Court does not review it.

[6] The Court notes that "[a]lthough an unpublished opinion is not binding on this court, it is persuasive authority. See 11th Cir. R. 36-2." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000). Where cited herein, any unreported decision of a panel of the Circuit is considered well-reasoned and is offered as persuasive, not binding.

1259 (11th Cir. 2004). A court "abuses its discretion if it applies an incorrect legal standard, applies the law in an unreasonable or incorrect manner, follows improper procedures in making a determination, or makes findings of fact that are clearly erroneous." Torres v. First Transit, Inc., 979 F.3d 876, 881 (11th Cir. 2020) (quoting Brown v. Ala. Dep't of Transp., 597 F.3d 1160, 1173 (11th Cir. 2010)). "A 'clear error of judgment' is also an abuse of discretion." Id. (quoting United States v. Brown, 415 F.3d 1257, 1266 (11th Cir. 2005)).

In reviewing a bankruptcy court order on appeal, a district court "reviews the bankruptcy court's legal conclusions *de novo* but must accept the bankruptcy court's factual findings unless they are clearly erroneous." In re Ohlsson, 587 F. Supp. 3d 1144, 1149 (M.D. Fla. 2021) (citing In re Chira, 567 F.3d 1307, 1310-11 (11th Cir. 2009)). "[A] finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Id. (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)).

## IV.    Discussion

### A.    Debtor failed to prove that the Bankruptcy Court did not act within its discretion in denying Debtor's motion to remove the Trustee as the chapter 7 trustee for the Debtor's bankruptcy estate.

"Bankruptcy court orders removing or denying the removal of the trustee are final, appealable orders." In Re Juravin v. Kennedy, No. 5:23-CV-164-GAP, 2023 WL 6123514, at *1 (citing In re Walker, 515 F.3d 1204, 1210-11 (11th Cir. 2008) ("[T]he

8

removal of a bankruptcy trustee is a 'final' order appealable to this Court.")); see also In re Steffen, No. 8:09-cv-353-JDW, 2011 WL 13174777, at *2 (M.D. Fla. Oct. 12, 2011) (concluding that the Eleventh Circuit's reasoning with respect to orders removing a trustee "applies with equal force to orders denying the removal of a trustee.").

"Removal of a bankruptcy trustee is probably as serious of an action as a bankruptcy judge could possibly decide." In re Walker, No. 03-32158-BKC-PGH, 2004 WL 3152787, at *1 (S.D. Fla. Dec. 1, 2004), aff'd sub nom. Walden v. Walker, No. 05-80107-CIV, 2006 WL 8451170 (S.D. Fla. Mar. 8, 2006), aff'd sub nom. In re Walker, 515 F.3d 1204. "Accordingly, any allegations that a trustee should be removed must be proven by clear and convincing evidence, not by a mere preponderance of evidence." Id. Debtor acknowledges that it was obligated to demonstrate to the Bankruptcy Court by clear and convincing evidence that removal was warranted. (Dkt. 10 at 14 (citing Walker, No. 03-32158-BKC-PGH, 2004 WL 3152787, at *1)) "Because a chapter 7 trustee has substantial discretion to administer the estate consistent with the business judgment standard, courts will not remove a trustee for mistakes if the judgment is discretionary and reasonable under the circumstances." In re United Tax Grp., LLC, 622 B.R. 148, 157 (Bankr. D. Del. 2020).

The Bankruptcy Court denied the Trustee Removal Motion because Debtor had not demonstrated grounds to remove the trustee under 11 U.S.C. § 324(a) and even if there were grounds to remove the trustee, "doing so could provide no benefit to the

estate because the trustee's final report had been filed, and the case was fully administered." (R. 2-2 at 7 (citing In re Regan, No. 18-31694, 2021 WL 4844325, at *5))

Debtor does not dispute that before it filed the Trustee Removal Motion the case had been fully administered and distributions made pursuant to the Final Report, (R. 2-45), to which no person had filed an objection, and the Administrative Expense Order. (R. 2-48) Debtor contends that "[t]he handling of this case by the Trustee needs a review from a[n] unbiased trustee to review the treatment of the Debtor by the current Trustee and needs a review of the facts . . . ." (Dkt. 10 at 28) Debtor does not cast doubt on the Bankruptcy Court's conclusion that Debtor's belated request to remove the Trustee is an impermissible collateral attack on the Order Denying Objection to Claim No. 14. (See R. 2-2 ("Boiled down to its simplest essence, the [Trustee Removal Motion] is nothing but a thinly veiled attempt to take another 'bite of the apple' regarding the Debtor's and C. Thakkar's dissatisfaction with the Court's ruling on the untimely Objection to Claim [No.] 14"))

Debtor has failed to demonstrate that the Bankruptcy Court abused its discretion when it denied the Trustee Removal Motion. "[T]he best interest of the estate is a consideration when deciding whether to remove a trustee." In re Otoh, No. 20-61779-BEM, 2020 WL 6226068, at *7 (Bankr. N.D. Ga. Oct. 22, 2020) (citing In re Morgan, 375 B.R. 838, 847 (B.A.P. 8th Cir. 2007), aff'd, 573 F.3d 615 (8th Cir. 2009)); accord In re Olympia Holding Corp., 305 B.R. 586, 591 (Bankr. M.D. Fla.

10

2004) ("[C]ourts should consider the best interests of the estate, rather than those of a single movant-creditor, when determining whether to remove a trustee") (quoting In re Lundborg, 110 B.R. 106, 108 (Bankr. D. Conn. 1990)). Consistent with this principle, the Bankruptcy Court observed that "in deciding whether removal is appropriate 'a court must consider the best interest of the estate, not merely that of a *single complaining movant*.'" (R. 2-2 at 6 (quoting In re United Tax Grp., 622 B.R. at 157))

The Bankruptcy Court cited case law supporting the proposition that "even assuming the court could find cause to remove the trustee under § 324(a), doing so could provide no benefit to the estate because the trustee's final report had been filed, and the case was fully administered[.]" (Id. at 7 (citing In re Regan, No. 18-31694, 2021 WL 4844325, at *5)) Debtor cites no legal authority contrary to the cases the Bankruptcy Court cited, and this Court has not identified contrary authority. Cf. In re Kim, No. 06-00157, 2009 WL 2143796, at *2 (Bankr. D. Haw. July 14, 2009) ("No useful purpose would be served by removing the trustee now. The estate has been fully administered.").

Debtor contends that a substitute trustee would have discovered mistakes or wrongdoing by the Trustee in the administration of the estate, such that the estate could benefit from the substitute trustee's review. However, Debtor has failed to demonstrate that the Bankruptcy Court reversibly erred in determining that the accusations underlying Debtor's request to remove the trustee are "fanciful."

Moreover, Debtor has failed to prove that it demonstrated to the Bankruptcy Court that the benefits the estate might secure as a result of the trustee's removal would so outweigh the costs the estate might sustain that the Bankruptcy Court abused its discretion in failing to remove the trustee. Indeed, Debtor did not meaningfully acknowledge or address the turmoil, delay, and costs to the estate likely to result from removal of the trustee at the procedural posture to which the bankruptcy case had progressed when Debtor filed the Trustee Removal Motion. Debtor has not shown that the Bankruptcy Court applied an incorrect standard when it ruled on the Trustee Removal Motion or that the ruling was a clear error of judgment. Debtor has failed to demonstrate that the Bankruptcy Court abused its discretion in denying the Trustee Removal Motion. The Order Denying Trustee Removal Motion, (R. 2-2), is due to be affirmed.

> **B.** **Debtor failed to prove that the Bankruptcy Court did not act within its discretion in denying Debtor's motion for leave to sue the Trustee.**

"[A] debtor must obtain leave of the bankruptcy court before initiating an action" "against the trustee or other bankruptcy-court-appointed officer, for acts done in the actor's official capacity." Carter v. Rodgers, 220 F.3d 1249, 1252 (11th Cir. 2000) (citations and footnote omitted). Leave of the Bankruptcy Court is required even "after the bankruptcy had been wound up." Matter of Linton, 136 F.3d 544, 545 (7th Cir. 1998). "A party seeking leave of court to sue a trustee 'must make a prima facie case against the trustee, showing that its claim is not without foundation.'" In re VistaCare Grp., LLC, 678 F.3d 218, 232 (3d Cir. 2012) (quoting In re Nat'l Molding

Co., 230 F.2d 69, 71 (3d Cir. 1956)).

The portion of Debtor's Appellate Brief specific to the appeal of the Order Denying Liability Determination Motion states, in full, as follows:

> At the very least, since the bankruptcy court disallowed Claim 3, a reverse veil piercing claim, then Claim 14, which was also based on reverse veil piercing should have been objected to by the Trustee and disallowed on the same basis. Further, the Bankruptcy Court also has a duty to review issues presented to the Court and failed to allow the Debtor to pursue its legal rights as to the Trustee's Bond.

(R. 10 at 28) This text does not identify facts or a legal theory sufficient to establish a prima facie case against the trustee. The Liability Determination Motion contends that "Debtor was and still is entitled $2,344,392.88. It has been almost 18 months since the Debtor was entitled to said funds, but not only is the Debtor losing significant interest on the funds, it is being rebuffed by the Trustee and the amount due is not in the Bankruptcy Estate." (939R. 2-76 at 3) Debtor's Appellate Reply Brief, (Dkt. 18), does not mention the Liability Determination Motion. There is no basis for a suit that is not inextricably intertwined with the claims that Debtor could have advanced had the Bankruptcy Court granted the Trustee Removal Motion. The record contains conclusory assertions, premised on facts that might have been a basis for an objection not timely raised against Claim No. 14 or the Final Report, that Debtor should be allowed to sue to secure relief from the Trustee's bond. The record does not include a draft complaint or some other substantial articulation of the claims Debtor would have asserted against the Trustee.

Debtor's Appellate Brief contends that the Bankruptcy Court abused its

13

discretion when it denied Debtor leave to sue the Trustee following the Trustee's alleged failure to object to and disallow Claim No. 14. However, it is not the job of a reviewing court to give substance to a party's threadbare arguments on appeal. Cf. Kidd v. Mando Am. Corp., 731 F.3d 1196, 1212 (11th Cir. 2013) (Wilson, J., concurring in part and dissenting in part) ("It is not this [appellate] court's job to craft arguments for counsel"). Debtor has not shown that the Bankruptcy Court applied an incorrect standard when it ruled on the Liability Determination Motion or that the ruling was a clear error of judgment. For reasons discussed in the previous section, the Court discerns no error in the Bankruptcy Court's exercise of its discretion to deny the Liability Determination Motion, which the Bankruptcy Court analyzed in conjunction with the Trustee Removal Motion. (R. 2-2 at 8 n.14 ("Based on the [Bankruptcy] Court's ruling [on the Trustee Removal Motion] in this Order, the Debtor's [Liability Determination Motion] . . . will also be denied with prejudice")) The Order Denying Liability Determination Motion, (939R. 2-2), is due to be affirmed.

## V.    Conclusion

Accordingly, for the reasons stated above and upon consideration of all relevant filings, the Court hereby **ORDERS** as follows:

1.  The Bankruptcy Court's Order Denying Trustee Removal Motion, (R. 2-2), and the Order Denying Liability Determination Motion, (939R. 2-2), are **AFFIRMED**.

2.  The Clerk is **DIRECTED** to transmit a copy of this Order to the Bankruptcy

Court, terminate the consolidated appeals, and **CLOSE** this case.

**DONE and ORDERED** in Chambers in Tampa, Florida, this 22nd day of May 2026.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person